UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANA NESSEL, Attorney
General of the State of Michigan,

    Plaintiff,

v.

LADY HILL, LLC,

    Defendant.

No.

HON.

_____

Kellie L. McGuire (P85058)
Melinda A. Leonard (P63638)
Attorneys for Plaintiff
Michigan Department of Attorney General
Alcohol and Gambling Enforcement Division
25680 W. 8 Mile Rd.
Southfield, MI 48033
(313) 456-1180
Mcguirek4@michigan.gov
_____/

**COMPLAINT FOR PRELIMINARY AND PERMANENT
INJUNCTIONS PURSUANT TO
THE TWENTY-FIRST AMENDMENT ENFORCEMENT ACT AND
MICHIGAN CONSUMER PROTECTION ACT**

I.  **<u>PRELIMINARY STATEMENT</u>**

1. Plaintiff, Michigan Attorney General Dana Nessel, brings this lawsuit against Defendant, Lady Hill, LLC (Lady Hill), and seeks preliminary and permanent injunctive relief pursuant to the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a, and costs and fines pursuant to the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901, *et seq*.

2. Lady Hill has illegally sold and shipped intoxicating liquors to consumers in Michigan without licensure by the Michigan Liquor Control Commission (MLCC).

3. These practices violate several provisions of the Michigan Liquor Control Code, as well as section 3 of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903.

4. The MLCC, in partnership with the Michigan Department of Attorney General, has dedicated extensive resources to enforcing Michigan's alcohol sale and shipping restrictions.

5. In furtherance of the efforts to combat illegal sales and shipments of alcohol and avoid litigation, Plaintiff Nessel has attempted

to stop Lady Hill from making illegal sales and shipments by issuing a cease-and-desist letter. See Exhibit 1.

6. Lady Hill failed to comply with the cease-and-desist request.

7. Lady Hill continues to violate the alcohol sale and shipping laws imposed by the Michigan Liquor Control Code and, in so doing, threatens the health, safety, and welfare of Michigan citizens.

8. The Twenty-first Amendment to the United States Constitution prohibits "[t]he transportation or importation into any State, Territory, or Possession of the United States for delivery or use therein of intoxicating liquors, in violation of laws thereof." U.S. Const. Amend. XXI, § 2.

9. This lawsuit is required to restrain Lady Hill from engaging or continuing to engage in the violations alleged, to enforce compliance with Michigan law, to enforce Michigan's authority over the transportation and importation of alcoholic liquor into Michigan, and to protect the health, safety, and welfare of its citizens. See 27 U.S.C. § 122a(b)(1)-(2).

## II. PARTIES

10. Plaintiff, Attorney General Dana Nessel, brings this suit in her official capacity.

11. Defendant, Lady Hill, is an Oregon limited liability company located at 8400 Champoeg Road NE, St. Paul, Oregon.

## III. JURISDICTION

12. The Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a, permits state attorneys general to bring a civil action in federal district courts when the attorney general "has reasonable cause to believe that a person is engaged in, or has engaged in, any act that would constitute a violation of a State law regulating the importation or transportation of any intoxicating liquor." 27 U.S.C. § 122a(b).

13. "Intoxicating liquor" is defined in the Twenty-first Amendment Enforcement Act as "any spirituous, vinous, malted, fermented, or other intoxicating liquor of any kind." 27 U.S.C. § 122a(a)(2).

14. This Court has jurisdiction pursuant to subsection (c)(1) of the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(c)(1), which provides in relevant part:

> The district courts of the United States shall have jurisdiction over any action brought under this section by an attorney general against any person, except one licensed or otherwise authorized to produce, sell, or store intoxicating liquor in such state.

15. Lady Hill is not licensed or otherwise authorized to produce, sell, or store intoxicating liquor in the State of Michigan.

16. Plaintiff's state law claims are so related to the action over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. As such, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

### IV. <u>VENUE</u>

17. The Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(c)(2), provides that "[a]n action under this section may be brought only in accordance with section 1391 of Title 28 or in the district in which the recipient of the intoxicating liquor resides or is found."

18. Lady Hill has made an illegal sale and shipment of intoxicating liquor to an MLCC investigator who resides in Posen, Michigan.

19. Posen, Michigan, is located in the Eastern District of Michigan federal judicial district.

20. Venue in the Eastern District is therefore appropriate pursuant to the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(c)(2).

## V. BACKGROUND

21. Since 2015, with the close assistance of the Attorney General's Alcohol and Gambling Enforcement Division, the MLCC has focused on unlicensed entities illegally selling and shipping beer and wine to consumers in Michigan.

22. For the reasons alleged in this Complaint, Plaintiff has reasonable cause to believe that Lady Hill is violating Michigan laws governing the transportation and importation of intoxicating liquor.

23. Lady Hill continues to sell and ship wine directly to Michigan consumers despite not holding a direct shipper license in the State of Michigan. Lady Hill's activities constitute illegal importation of intoxicating liquors.

24. Michigan law generally prohibits a person from selling, delivering, or importing alcoholic liquor in Michigan unless the "sale,

delivery, or importation is made by the [C]ommission, the [C]ommission's authorized agent or distributor, an authorized distribution agent approved by order of the [C]ommission, a person licensed by the [C]ommission, or by prior written order of the [C]ommission." Mich. Comp. Laws § 436.1203(1).

25. "Alcoholic liquor" is defined in the Michigan Liquor Control Code as:

> any spiritous, vinous, malt, or fermented liquor, powder, liquids, and compounds, whether or not medicated, proprietary, patented, and by whatever name called, containing ½ of 1% or more of alcohol by volume that are fit for use for food purposes or beverage purposes as defined and classified by the [C]ommission according to alcoholic content as belonging to 1 of the varieties defined in this chapter.

Mich. Comp. Laws § 436.1105(3).

26. Michigan allows only "direct shipper" licensees to sell and ship wine from outside the state directly to consumers in Michigan. *See* Mich. Comp. Laws § 436.1203(4). "Direct shipper" is defined in the Michigan Liquor Control Code as either of the following:

> (i) A wine manufacturer that sells, delivers, or imports wine it has manufactured, bottled, and registered with the [C]ommission, to consumers in this state or that is transacted . . . through the use of any mail order, internet, telephone, computer, device, or other

7

    electronic means, or sells directly to consumers on the winery premises.

(ii) A wine manufacturer that purchases wine from another wine manufacturer and further manufactures or bottles the wine or purchases shiners of wine from another wine manufacturer in compliance with section 204a, registers the wine with the [C]ommission and sells the wine to consumers in this state that is transacted . . . through the use of any mail order, internet, telephone, computer, device, or other electronic means, or sells directly to consumers on the winery premises.

Mich. Comp. Laws § 436.1203(25)(i).

27. Only a licensed Michigan wine maker or an out-of-state wine manufacturer holding both a federal basic permit and a license to manufacture wine in its state of domicile may qualify for a direct shipper license. Mich. Comp. Laws § 436.1203(10).

28. Wine satisfies the definitions of "intoxicating liquor" in the Twenty-first Amendment Enforcement Act and "alcoholic liquor" in the Michigan Liquor Control Code.

29. Shipments of alcoholic liquor that are transported by common carriers into Michigan must be reported to the MLCC in quarterly reports that include the name of the person shipping the alcoholic liquor and the name of the recipient, as well as the weight of

the package and date of delivery. See Mich. Comp. Laws § 436.1203(19).

## VI. FACTS

30. Lady Hill does not hold a license to sell or ship alcoholic liquor in Michigan pursuant to the Michigan Liquor Control Code.

### 2021 Shipments

31. In November 2021, an MLCC investigator reviewed a common carrier report that UPS had submitted to the MLCC pursuant to Mich. Comp. Laws § 436.1203 concerning shipments of intoxicating liquor into Michigan in 2021. The report showed that Lady Hill had sent three shipments to Michigan addresses.

### Cease and Desist Letter

32. Based on the MLCC investigator's findings, in November 2021, the Michigan Department of Attorney General sent a cease-and-desist letter to Lady Hill. Exhibit 1.

33. The cease-and-desist letter was sent via certified mail to the address listed by the Oregon Secretary of State, Corporation Division. The same letter was also sent to the attention of Lady Hill's registered

9

agent, Jerry Owen, at the same address. Both letters were sent return receipt requested.

34. The cease-and-desist letter included an excerpt from the UPS common carrier report for 2021 that reflected three shipments of alcoholic liquor into Michigan by Lady Hill. Exhibit 1 at pp. 3, 6.

35. The cease-and-desist letter informed Lady Hill that its practice of directly shipping alcoholic liquor to consumers in the State of Michigan is illegal. Furthermore, the cease-and-desist letter stated that legal action would result if Lady Hill continued its illegal activity of selling and shipping alcoholic liquor to consumers in Michigan. Exhibit 1.

36. The Michigan Department of Attorney General received confirmation that both copies of the cease-and-desist letter were delivered on December 4, 2021. They were signed for and received by Gerald Owen, who is listed as a member of Lady Hill on the Oregon Secretary of State website.

**Subsequent Shipment**

37. To investigate whether Lady Hill had discontinued its illegal shipments following the November 11, 2021, cease-and-desist letter, an

10

MLCC investigator placed an order on Lady Hill's website on December 2, 2022, for the purchase and shipment of one 750 ml bottle of 2016 Rosso Wayward and one 750 ml bottle of 2019 Lady Hill Pinot Blanc. Exhibit 2 (order documentation).

38. The MLCC investigator purchased the bottles of wine for $57.00 and was charged $27.00 for shipping. Exhibit 2.

39. On December 13, 2022, the MLCC investigator received a package via UPS containing the wines he had ordered. The package's return address indicated that it was sent by "Newberg Storage & Shipping." The outside of the package did not indicate that it contained alcoholic liquor. Exhibit 3 (photographs of outer package).

40. UPS requires packages containing wine to be labeled with a special alcoholic beverages shipping label. Exhibit 4 (Excerpt from UPS Website on Package Preparation, <https://www.ups.com/us/en/support/shipping-support/shipping-special-care-regulated-items/prohibited-items/wine.page>).

41. A label on a second box inside the package reflected that it contained alcohol. The inner box contained one 750 ml bottle of 2016 Rosso Wayward and one 750 ml bottle of 2019 Lady Hill Pinot Blanc, the

11

products that the MLCC investigator had purchased on Lady Hill's website. Exhibit 5 (photographs of inner package and bottles).

42. Upon information and belief, Newberg Storage & Shipping acted as Lady Hill's agent in transferring the package to UPS for shipping.

## COUNT I

## CAUSE OF ACTION UNDER TWENTY-FIRST AMENDMENT ENFORCEMENT ACT

43. Plaintiff incorporates by reference paragraphs 1-42 as if fully restated herein.

44. Subsection (b) of the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(b), provides for temporary and permanent injunctive relief, as follows:

> If the attorney general has reasonable cause to believe that a person is engaged in, or has engaged in, any act that would constitute a violation of a State law regulating the importation or transportation of any intoxicating liquor, the attorney general may bring a civil action in accordance with this section for injunctive relief (including a preliminary or permanent injunction) against the person, as the attorney general determines to be necessary to--
>
> > (1) restrain the person from engaging, or continuing to engage, in the violation; and
> >
> > (2) enforce compliance with the State law.

12

45. Because Lady Hill lacked a direct shipper license, its sale of wine and its shipment of wine to a Michigan consumer violated the prohibition in Mich. Comp. Laws § 436.1203(1).

46. Because Lady Hill does not fit within one of the categories of persons permitted to sell, deliver, or import wine or beer in Mich. Comp. Laws § 436.1204(1), its sales and shipments of wine violate that statute.

47. Both Mich. Comp. Laws § 436.1203 and § 436.1204 are state laws regulating the importation and transportation of intoxicating liquor.

48. Lady Hill has also violated section 901(1) of the Michigan Liquor Control Code, Mich. Comp. Laws § 436.1901(1), which also regulates the importation and transportation of intoxicating liquor. That provision states:

> A person, directly or indirectly, himself or herself or by his or her clerk, agent or employee shall not manufacture, manufacture for sale, sell, offer or keep for sale, barter, furnish, or import, import for sale, transport for hire, or transport, or possess any alcoholic liquor unless the person complies with this act.

49. Absent temporary and permanent injunctive relief, Lady Hill may make similar illegal sales and shipments of alcoholic liquor to Michigan consumers in the future.

50. All nonjudicial means of restraining Lady Hill from engaging in these violations and enforcing compliance with these Michigan laws have proven inadequate.

51. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to the Twenty-first Amendment Enforcement Act prohibiting Lady Hill from making future sales and shipments of alcoholic liquor to Michigan consumers.

## COUNT II

## MICHIGAN CONSUMER PROTECTION ACT VIOLATIONS

52. Plaintiff incorporates by reference paragraphs 1-51 as if fully restated herein.

53. Lady Hill has engaged in illegal alcohol sales and shipments to a Michigan consumer.

54. These practices by Lady Hill constitute unlawful "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce" under section 3 of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903(1), because, by these actions, Lady Hill has:

> (a) Caus[ed] a probability of confusion or misunderstanding as to . . . the approval . . . of goods or services.

* * *

(c) Represent[ed] that goods . . . have approval . . . that they do not have . . . .

* * *

(n) Caus[ed] a probability of confusion or of misunderstanding as to the legal rights . . . of a party to a transaction.

* * *

(s) Fail[ed] to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not be reasonably known by the consumer.

* * *

(bb) Ma[de] a representation of fact . . . material to the transaction such that a person reasonably believes the represented . . . state of affairs to be other than it actually is.

* * *

(cc) Fail[ed] to reveal facts which are material to the transaction in light of representations of fact made in a positive manner.

55. Section 5(1) of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.905(1), provides for penalties for each violation of the Act up to $25,000.00, including injunctive relief and costs.

15

56.     Accordingly, Lady Hill is liable for and should be assessed civil penalties for each of the Michigan Consumer Protection Act violations.

## REQUESTED RELIEF

Plaintiff respectfully requests this Honorable Court to enter an Order providing for:

a)     Preliminary and permanent injunctive relief under the Twenty-first Amendment Enforcement Act enjoining Defendant from continuing to violate the applicable provisions of the Michigan Liquor Control Code;

b)     Preliminary and permanent injunctive relief under the Michigan Consumer Protection Act enjoining Defendant from continuing to violate the applicable provisions of that Act, Mich. Comp. Laws § 445.905(1);

c)     The imposition of cumulative civil penalties against Defendant pursuant to section 5(1) of the Michigan Consumer Protection Act, specifically $25,000.00 for each violation of the Act, including violations learned of through the course of discovery, Mich. Comp. Laws § 445.905(1);

    d)    Reimbursement of investigative expenses incurred, Mich. Comp. Laws § 445.905(1);

    e)    An award of costs and attorney fees, Mich. Comp. Laws § 445.905(1);

    f)    Any other relief determined to be just and appropriate.

Respectfully submitted,

/s/ Kellie L. McGuire
Kellie L. McGuire (P85058)
Melinda A. Leonard (P63638)
Assistant Attorneys General
Attorneys for Plaintiff
Alcohol & Gambling Enf. Division
25680 W. 8 Mile Rd.
Southfield, MI 48033
(313) 456-1180
Mcguirek4@michigan.gov

Dated: April 11, 2023